IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES SNEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-085 |
| | ) | |
| DR. HAE; T. UEAL, Nurse; DR. NICHOLES; and W. BROWN, Nurse, | ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned civil rights case, concerning events that occurred at Wheeler Correctional Facility in Alamo, Georgia. Plaintiff is proceeding *pro* se and *in forma pauperis.* (Doc. no. 5.) On April 17, 2015, the Court directed the United States Marshal to effect service of process on four Defendants who had allegedly provided dental care to Plaintiff. (Doc. no. 19.) However, the Marshal's Return of Service came back unexecuted for Defendant Hae, with a notation that a person by the name Hae has never worked at Wheeler Correctional Facility. (See doc. no. 25.) On July 1, 2015 the Court ordered Plaintiff to provide correct contact information as to Defendant Hae, and in response to that Order,

Plaintiff informed the Court that Nurse T. Veal[1] allegedly gave the incorrect name of Dr. Hae to Plaintiff. (Doc. no. 34, 39.)

In Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010), the Eleventh Circuit addressed the propriety of dismissing a defendant in a § 1983 action brought by a *pro se* prisoner proceeding IFP, where the defendant had been dismissed for failing to timely serve the defendant. In Richardson, a prison guard defendant could not be served at the prison because he no longer worked there. Richardson, 598 F.3d at 739-40. In addressing the prisoner-plaintiff's challenge to the dismissal of this defendant, the Eleventh Circuit ruled that "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." Id. The Eleventh Circuit went on to conclude that as long as an incarcerated plaintiff provides enough information to identify a defendant,[2] the Marshal must use "reasonable effort" to locate that defendant and effect service of process before the defendant can be dismissed. Id. at 740.

Here, Plaintiff has provided identifying information that was apparently not used in attempting to effect service on Defendant Hae. Namely, Dr. Hae provided dental services along with Nurse Veal to Plaintiff on March 19, 2013 and September 19, 2013. (See doc. no.

---

[1] In the complaint, Plaintiff seems to spell the name as "Ueal" while in his response to the Court's Order, the name is spelled Veal. According to the waiver of service and answer, the name of the defendant is actually Tara Veal. (Doc. no. 27, 32.)

[2] The Eleventh Circuit quoted with approval language from a Seventh Circuit case that stated, "[T]he prisoner need furnish no more than the information necessary to identify the defendant." Richardson, 598 F.3d at 739 (citing Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)).

2

19, p. 3.) Thus, reasonable efforts in this instance would include contacting WCF officials with this specific information about when, and in what capacity, Defendant Hae was working at WCF to obtain sufficient information to effect service on Defendant Hae. Further, defense counsel was able to identify and answer for the misidentified defendants in this case based on the allegations in the complaint and may have further information on Defendant Hae.

As Plaintiff is proceeding IFP, he is entitled to rely on the Marshal to effect service of process. See 28 U.S.C. § 1915(d). Reasonable effort entails more than one attempt at mailing a waiver of service form. Therefore, pursuant to Richardson, *supra*, the Court **DIRECTS** the United States Marshal to use reasonable effort to locate and effect service of process on Dr. Hae. Although the 120 days allowed for service has expired, the Court will not require the Marshal to attempt personal service. Rather, the Marshal shall attempt service by mail as set forth in the Court's April 17, 2015 Order. (See doc. no. 19, p. 4.) The Court further **DIRECTS** the Marshal to notify the Court in writing within thirty days of the date of this Order as to whether this Defendant has been located.

SO ORDERED this 26th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA