IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JAMES SNEED,                          )
                                      )
                Plaintiff,            )
                                      )
        v.                            )        CV 314-085
                                      )
DR. HAE; T. UEAL, Nurse; DR.          )
NICHOLES; and W. BROWN, Nurse,        )
                                      )
                Defendants.           )
                                    _____

**O R D E R**
                                    _____

Plaintiff, an inmate incarcerated at August State Medical Prison in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court on Plaintiff's "request for production of documents." (Doc. no. 58.)

Plaintiff's request simply asks Defendants to produce certain documents relevant to his case. (See doc. no. 58.) The Court's prior Order clearly informed Plaintiff that discovery materials were not to be filed with the Clerk of Court and were to be served directly upon Defendants. (Doc. no. 19, pp. 5-6.) Because Plaintiff's motion is nothing more than a request for the Court to allow him to serve discovery requests upon Defendant by filing them with the Court, the Court **DENIES** Plaintiff's request as improper under the Federal Rules of Civil Procedure.

Even considering this request as a motion to compel discovery, the motion is improper.

The Local Rule that governs the filing of a motion to compel provides:

> **LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
> (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
> (b) include the specific ground for the motion or objection; and
>
> (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
> Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

Here, Plaintiff completely fails to comply with the Local Rule in that he did not attach a certification that he has made a good faith effort to resolve the dispute before seeking Court intervention. Plaintiff's motion in no way complies with the Local Rules, and therefore the Court **DENIES** Plaintiff's request. (Doc. nos. 58.) See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to

compel where movant failed to consult in good faith with opponent before filing motion).

SO ORDERED this 23rd day of February, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA